IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:21-CR-435-N |
| DAVID ANIMASHAUN (01)<br>OLUWALOBAMISE MOSES (02)<br>IJEOMA OKORO (04)<br>CHUKWUEMEKA ORJI (05)<br>EMANUEL STANLEY ORJI (06)<br>FREDERICK ORJI (07) | |

GOVERNMENT'S MOTION FOR PROTECTIVE ORDER

Pursuant to Federal Rules of Criminal Procedure 16(d) and 6(e) and Local Criminal Rule 47.1, the government respectfully submits this motion for a protective order. In support, the government states the following:

1. This is a sophisticated and complex wire fraud and money-laundering case. The indictment alleges that the defendants obtained large quantities of dollars via romance scams into various bank accounts they controlled and then laundered the money to make it more difficult for law enforcement to tie the funds to crimes and identify the perpetrators of those crimes. Materials were received pursuant to numerous grand jury subpoenas and execution of search warrants. Personal identifying information was acquired in the course of the investigation.

2. The government intends to make these materials available to the defendants and their attorneys to comply with its disclosure obligations under Fed. R. Crim. P. 16,

**U.S. v. Animashaun et al**
**Government's Motion for Protective Order - Page  1**

*Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), The Jencks Act, and the Court's scheduling order to be issued in this case, among other authority.

3.      The government remains cognizant of its need to comply with Fed. R. Crim. P. 49.1 and Misc. Order No. 61.   Fed. R. Crim. P. 49.1 requires the proponent or filer of a document to redact "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual."   Misc. Order No. 61 requires that "attorneys must take specific steps to keep personal data identifiers out" of any publicly filed transcripts.

4.      The government has not redacted the personal identifiers or other confidential information from the discovery materials.   Instead, the government seeks the Court's permission to produce these materials in unredacted form to defense counsel and the defendants on the following conditions:   (1) Unredacted materials must remain at each defense counsel's office where they may be reviewed by defense counsel, their staff, and the defendant, but under no circumstances may the defendants have a copy of the discovery; (2) Review of the materials must be for the sole purpose of preparing a defense in this criminal matter and information in the materials may not be used for any other purpose; (3) Unredacted information and materials in them may not be disclosed, disseminated, or published to anyone other than defense counsel, their staff, and the defendants; (4) Personal identifying information and other confidential information (such

as dates of birth, home addresses, and social security numbers) must be redacted prior to disclosure in Court; (5) Personal identifying information and other confidential information (such as dates of birth, home addresses, and social security numbers) must never be produced or provided to a defendant in custody; and (6) Neither defense counsel nor their staff may retain the unredacted materials or information from them after the conclusion of the criminal case without first obtaining permission from the Court.

5. Pursuant to Federal Rule of Criminal Procedure 16(d), this Court has the authority to issue orders to facilitate the discovery process and to ensure that information that falls under the protective order is to be used only for purposes of litigating this case. *See United States v. Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997); *United States v. Gangi*, 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998).

6. Allowing the government to make discovery available in this manner will allow the government to meet its obligations in a time manner without imposing an undue cost or burden on the parties while still reflecting the need to protect the privacy interests of victims.

7. On October 25, 2021, undersigned counsel for the government communicated via email with counsel for the above-named defendant about its proposed protective order. Counsel for each of the following defendants informed the government that he did not oppose the motion: Ijeoma Okoro (04), C. Orji (05), and E. Orji (06). Counsel for the government did not receive responses from counsel for David Animashaun (01), Oluwalobamise Moses (02), or F. Orji (07) and recontacted them on

November 12, 2021.   On November 12, 2021, counsel for Oluwalobamise Moses (02) informed the government that he did not oppose the motion.   Counsel for the government did not receive any responses from counsel for David Animashaun (01) or F. Orji (07) before filing this motion.

## CONCLUSION

Having shown good cause, the government respectfully requests that the Court enter the proposed Protective Order in this matter.

        Respectfully submitted,

        CHAD E. MEACHAM
        ACTING UNITED STATES ATTORNEY

        */s/ Mary Walters*
        Mary Walters
        Assistant United States Attorney
        Texas State Bar No. 24003138
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242-1699
        Telephone:   214-659-8600
        Facsimile:   214-659-8812
        Email:   mary.walters@usdoj.gov

CERTIFICATE OF CONFERENCE

I certify that I contacted counsel for each defendant, on October 25, 2021, and November 12, 2021, regarding the government's motion and received the following responses:

| Counsel | Response |
|---|---|
| Darlina Crowder (counsel for Animashaun) | No response |
| Chris Lewis (counsel for Moses) | Unopposed |
| Trey Bunch (counsel for Okoro) | Unopposed |
| Vickers Cunningham and Randall Isenberg (counsel for C. Orji) | Unopposed |
| Paul Lund (counsel for E. Orji) | Unopposed |
| Taly Haffar (counsel for F. Orji) | No response |

*Mary Walters*
Mary Walters
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I certify that on November 12, 2021, I filed a true and correct copy of the foregoing Government's Motion for Protective Order with the Clerk of Court via ECF, which will notify each counsel for defendant of the same.

*Mary Walters*
Mary Walters
Assistant U.S. Attorney